(28 Misc. Rep. 474.)

## In re BORUP'S ESTATE.

(Surrogate's Court, Westchester County.   July, 1899.)

TRANSFER TAX—DEATH OF DONEE WITHOUT RECEIVING GIFT—SECOND TAX ON SAME PROPERTY.

> The fact that the donee of shares of stock as a gift causa mortis, which was subject to a transfer tax, died before the assessment of the tax without having actually received the certificates from the trustee, as she was entitled to do on the death of the donor, or any dividends thereon, does not prevent the stock from being subject to a second tax as a part of the estate passing under her will.

Appeal from report of appraiser.

Appeal from decree fixing and assessing transfer tax on the personal estate of Mary Watson Borup, deceased.   Affirmed.

Francis Larkin, for appellant Henry D. Borup, administrator.

Joseph W. Middlebrook, for respondents state comptroller and county treasurer.

SILKMAN, S.   The questions presented upon the appeal taken from the decree herein entered upon the report of the appraiser assessing the transfer tax have been covered by the opinion in the case of the appeal taken in Re Brandreth's Estate (decided herewith) 59 N. Y. Supp. 1092, with one exception.   Mary Watson Borup was the daughter of George A. Brandreth, and she survived him but a few days, dying before any administration was had upon his estate, and before any actual delivery was made to her of the certificate of the three shares of stock of the Porous Plaster Company, which we may assume was in the possession of the trustees under the trust agreement entered into by the stockholders.   While it may seem a great hardship that the transfer of the three shares of stock of the Porous Plaster Company made by appellant's father to her should be required to pay a tax upon the ground that her enjoyment thereof was postponed to take effect upon his death, and that the transfer of the same stock to those taking under her will should also pay a tax when she did not live long enough to practically enjoy the gift, nevertheless I can see no principle under which the tax upon the transfer can be avoided.   The transfer from father to daughter, and the right of the latter to enjoy, were complete the moment he died, and from that moment she was entitled to all the dividends upon the stock.   It was a misfortune that her death occurred before the receipt of any of these dividends, but laws relating to taxation cannot, of necessity, enter into the minute equities of each individual case.   There can be no question that these shares of stock, although the certificate representing them had not actually come into her possession, passed under her will, as her property, to her legatees, and, so passing, it is a transfer under the transfer tax law of the state, which must suffer a tax.   The appraiser was therefore right, and the decree entered upon his report assessing the tax which included the transfer of three shares of stock of the Porous Plaster Company must be affirmed, with costs.

Decree affirmed, with costs.